UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

AUG 2 3 2005

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GREGG P. ALLIS, | * | CIV 05-4116 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| CHARISMA PROPERTY MANAGEMENT and HEGG COMPANIES, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Gregg P. Allis ("Allis"), has filed a *pro se* Complaint and a motion to proceed in forma pauperis. (Docs. 1 and 3.) Having reviewed Allis' financial affidavit, the Court finds that he satisfies the requirements to proceed without prepayment of fees under 28 U.S.C. § 1915(a).

Under 28 U.S.C. § 1915(e)(2)(B), the Court must next determine whether the claims in the complaint: (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. Here, the Court finds that dismissal of the action is proper because the Court lacks subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "Lack of jurisdiction of the subject matter of litigation cannot be waived by the parties or ignored by the court." *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 27 (8th Cir.1964). "If jurisdiction is lacking the trial court should, on its own motion, decline to proceed in the case. . . . " *Id.*

Allis did not plead facts establishing either federal question or diversity jurisdiction. He purports to bring this case on behalf of himself and other residents of Tower Apartments in Sioux

Falls, and he alleges that the defendant property management companies have negligently managed the apartment complex where Allis lives. Allis' claim is not cognizable under § 1983 because the defendants did not act under color of state law in managing the apartment. Furthermore, Allis has not alleged the deprivation of a right secured by the Constitution or laws of the United States. Morever, Allis' Complaint cannot otherwise be construed to raise a federal question pursuant to 28 U.S.C. § 1331. Finally, diversity of citizenship does not appear to exist between the parties as required for subject matter jurisdiction under 28 U.S.C. § 1332. Allis resides in an apartment in Sioux Falls, South Dakota. His Complaint and its attachments reveal that the defendant management companies are located Sioux Falls, South Dakota. Therefore, even construing Allis' complaint liberally, he has failed to allege sufficient facts to establish diversity jurisdiction and this Court has no subject matter jurisdiction over the Complaint. Accordingly,

IT IS ORDERED:

(1)   that Plaintiff's Motion to proceed in forma pauperis, Doc. 3, is granted; and

(2)   that the Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. 1915(e)(2)(B). Plaintiff's claim is dismissed without prejudice to his right to reassert the claim in state court.

Dated this 23rd day of August, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Sharon Douro
(SEAL)   DEPUTY

2